IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MILLENNIUM INORGANIC CHEMICALS LTD.
and CRISTAL INORGANIC CHEMICALS LTD.
v.                                                                                                Civil No. CCB-09-1893

NATIONAL UNION FIRE INSURANCE CO.
OF PITTSBURGH, PA., ACE AMERICAN
INSURANCE CO., and MARSH USA INC.

MEMORANDUM

Plaintiffs Millennium Inorganic Chemicals, Ltd. ("Millennium") and Cristal Inorganic Chemicals, Ltd. ("Cristal") (collectively "plaintiffs") brought suit for declaratory relief, breach of contract, and bad faith for wrongful denial of insurance coverage against its insurers, defendants National Union Fire Insurance Co. of Pittsburgh, Pa. ("National Union") and ACE American Insurance Co. ("ACE") (collectively "defendants"), and against insurance broker Marsh USA, Inc. ("Marsh").[1] Now pending before the court is National Union and ACE's motion to dismiss under the doctrine of *forum non conveniens* and because the action is premature. No oral argument is necessary. Local Rule 105.6 (D. Md. 2008). For the following reasons, the motion to dismiss will be denied.

BACKGROUND

Plaintiffs commenced this action against their insurers, National Union and ACE, and their insurance broker, Marsh, as the result of an alleged loss of income sustained by plaintiffs at their manufacturing plant in Western Australia. Specifically, plaintiffs claim they suffered a loss of business income in excess of $10 million when a gas explosion in Western Australia disrupted their receipt of the natural gas needed to run their factory. (Complaint at ¶¶ 38-42.) Prior to the June 2008 gas explosion, plaintiffs received gas under a long-term contract from an Australian gas supplier, Alinta Sales Pty. Ltd. ("Alinta"), which obtained its supply of gas from an Australian gas producer, Apache Corporation ("Apache"). Apache is located on Varanus Island,

---

[1] Plaintiffs brought suit against Marsh for breach of contract, negligence, negligent misrepresentation, and breach of fiduciary duty. Marsh did not join in the other defendants' motion to dismiss.

approximately seventy miles off the Northwest coast of Australia. (Complaint at ¶¶ 12-21.) Following the explosion, Apache issued a Notice of Force Majeure Event dated June 3, 2008, stating that it was no longer able to supply gas to Alinta. Alinta then issued a Force Majeure notice to Millennium, advising that its gas deliveries to Millennium's factory would be terminated. Plaintiffs then temporarily closed their factory, resulting in the alleged damages. (Complaint at ¶¶ 39-42.)

Plaintiffs had three insurance policies: (1) a policy issued to Cristal by National Union; (2) a policy issued to Cristal by ACE; and (3) a policy issued to Millennium by American Home Assurance Company ("AHAC") for Millennium's premises located "[a]nywhere in the Commonwealth of Australia." (Aff. of David Oliver ("Oliver Aff."), Ex. A and B; Aff. of Veronica Pierro ("Pierro Aff."), Ex. 1.) This dispute arises from defendants' refusal to provide coverage under the National Union and ACE policies for the plaintiffs' business interruption losses.

It is undisputed that Millennium is organized under the laws of Australia and has offices in Western Australia and that Cristal is organized under the laws of the Cayman Islands with offices in Grand Cayman. National Union is a Pennsylvania company with its principal place of business in New York, Ace is a Pennsylvania company with its principal place of business in Pennsylvania, and Marsh is a Delaware company with its principal place of business in New York. All three defendants regularly conduct business in Maryland. (Complaint at ¶¶ 3-7.) The policies issued by National Union and ACE were brokered by Marsh in New Jersey and list Cristal's address as "c/o Millennium Chemicals, Inc., 20 Wright Avenue, Hunt Valley MD 21030." (Oliver Aff., Ex. A and B; Pierro Aff., Ex. 1.) The AHAC Policy was issued in Melbourne, Australia. (Oliver Aff. Ex. B.)

I.

Defendants have moved for dismissal under the doctrine of *forum non conveniens*, which allows a court to "resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947), *superseded on other grounds by* 28 U.S.C. § 1404. The Supreme Court has explained that "the central focus of the *forum non conveniens* inquiry is convenience." *Piper Aircraft Co.*

2

*v. Reyno*, 454 U.S. 235, 248 (1981).  To determine whether a *forum non conveniens* dismissal is appropriate, federal courts should evaluate both private and public factors.  The relevant private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining willing witnesses; and (4) other practical problems involving efficiency and expense of trial.  *See Gulf Oil*, 330 U.S. at 508-09.  A primary concern when evaluating the private factors is to ensure that the plaintiffs did not select an inconvenient forum for the purpose of harassing the defendants. *See, e.g.*, *Ferruzzi Italia, SPA v. Trade & Transp., Inc.*, 683 F. Supp. 131, 135 (D. Md. 1988) (citing *Piper Aircraft*, 454 U.S. at 249 n.15) ("The rule [of *forum non conveniens*] was particularly designed to prevent harassment of defendants.").  The public interest factors consist of the: (1) administrative difficulties flowing from court congestion; (2) local interest in having localized controversies decided "at home;" (3) interest in having the trial of a diversity case in a forum that is familiar with the law that must govern the action; (4) avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and (5) unfairness of burdening citizens of an unrelated forum with jury duty.  *See Gulf Oil*, 330 U.S. at 508-509; *see also Compania Naviera Joanna SA v. Koninklijke Boskalis Westminster NV*, 569 F. 3d 189, 200 (4th Cir. 2009) (outlining these factors).

The defendant bears the burden of persuading the court that the plaintiff's choice of forum is sufficiently inconvenient to warrant dismissal.  *Gilbert*, 330 U.S. at 508.  The court usually gives less deference to a plaintiff that has not chosen to bring the case in its home country, but "[t]his lack of deference is muted . . . when the defendant is a resident and citizen of the forum he seeks to have declared inconvenient for litigation." *Galustian v. Peter*, --- F.3d ---, 2010 WL 155456, *6 (4th Cir. Jan. 15, 2010) (citing *Piper Aircraft*, 454 U.S. at 249, 255-56); *see also Ferruzzi Italia*, 683 F. Supp. at 135 ("There exists a presumption in favor of the forum chosen even when the plaintiff is foreign.").  To meet its burden, the defendant must show "not only that [the plaintiff's choice of forum] was not the best forum, but that a particular other forum was *more appropriate*." *Kontoulas v. A.H. Robins Co., Inc.*, 745 F.2d 312, 315 (4th Cir. 1984) (emphasis in original).  This burden implies a preliminary duty "to show that an alternative forum exists," *In re Dalkon Shield Litig.*, 581 F. Supp. 135, 142 (D. Md. 1983), and

3

that it is "available as to *all defendants.*" *Galustian*, 2010 WL 155456, *4 (emphasis in original) (citation omitted).  Furthermore, the defendant must indicate "what *court* provides the alternative forum," rather than merely "suggest[ing] the *country*."  *Kontoulas*, 745 F.2d at 316 (emphasis in original).

Here defendants have failed to make the threshold showing that an alternative forum exists.  In their initial memorandum, defendants merely alleged that because ACE and National Union insured Australian property, they "would be amenable to process in that country." (Mot. to Dismiss at 8.)  This showing is insufficient in several respects.  First, it cannot simply be assumed that an Australian court would take jurisdiction over a dispute involving insurance policies issued by U.S. companies in the United States.  Second, even if it were clear that some Australian court would likely take jurisdiction over such a matter, defendants failed to meet the Fourth Circuit's clear requirement that they indicate which *court* provides the alternative forum, not just which country.  And third, defendants offered no evidence that all defendants are amenable to suit in Australia—specifically, they did not even allege that co-defendant Marsh would be amenable to suit there.[2]  Defendants' supplemental arguments and affidavit attached to their reply memorandum do not sufficiently address these shortcomings.  (See Reply Memorandum in Further Support of Motion to Dismiss ("Reply Memo."); Affidavit of David Alexander McLure ("McLure Aff.").)[3]  Although they do identify a specific court in Australia (the Supreme Court of Western Australia)[4] that appears likely to accept jurisdiction over this action, they have not made the necessary showing that the identified court would have jurisdiction over co-defendant Marsh. (*Id.* (citing McLure Aff. at ¶¶ 8-12, 17).)[5]

---

[2] It is worth noting that Marsh has already filed an answer and affirmative defenses in this court.

[3] Although these arguments should have been made in the original motion, this court will consider them here, noting that it does not change the result. *See Kontoulas*, 745 F.2d at 315 (noting that the defendants did not make their strongest argument for a *forum non conveniens* argument in their original motion but considering it nonetheless).

[4] Defendants also assert that the Federal Court of Australia would accept jurisdiction over at least some of the parties.

[5] Although McLure believes the Supreme Court of Western Australia has jurisdiction over Marsh, he concedes that he "do[es] not have sufficient information to reach a concluded view on that issue." (McLure Aff. at ¶ 17.) Recognizing this weakness in their showing, defendants have also suggested that the claims against Marsh could be decided separately in this court, allowing the claims against National Union and ACE to be dismissed.  (Reply Memo. at 3 n.2.)  Even if this court was persuaded that splitting the claims was appropriate, however, the

Even if defendants had shown that the Supreme Court of Western Australia was an available alternative forum, their motion to dismiss for *forum non conveniens* would fail "after balancing the public and private interest factors." *See Johns Hopkins Health Sys. Corp. v. Al Reem Gen. Trading & Co.'s Rep. Est.*, 364 F. Supp. 2d. 465, 476 (D. Md. 2005). As explained above, the defendants must show that the balance is strongly in their favor. *Gilbert*, 330 U.S. at 508. Regarding the private factors, defendants assert that (1) many of the witnesses are located in Australia, and the non-party witnesses in Australia would not be subject to compulsory process in the United States; (2) the documents possessed by Alinta and Apache would not be subject to compulsory process in the United States; and (3) to the extent that the loss premises needed to be inspected or viewed, litigation in Australia would be more convenient. The plaintiffs challenge both the veracity and specificity of these allegations. They argue that the defendants' claims about inaccessibility are factually insufficient and legally inaccurate, and further claim that there will be no need to view the premises in Australia because this action is a contract dispute. The defendants respond that they need discovery to supplement their arguments that Apache is not a "direct" supplier and that the existing methods of obtaining the participation of out-of-jurisdiction witnesses are insufficient.

The private factors do not weigh in favor of dismissal. As a preliminary matter, defendants have failed to identify any specific witnesses or suggest the substance of their testimony, nor have they identified any specific documents or their content. They also have failed to submit any affidavits explaining why and to what extent the witnesses will be inconvenienced or the documents will be inaccessible if the case continues in the District of Maryland. *Cf. Cole-Tuve, Inc. v. Am. Mach. Tools Corp.*, 342 F. Supp. 2d 362, 370 (D. Md. 2004) (citation omitted) (finding defendants' evidence of inconvenience insufficient to justify transfer of venue). Furthermore, the Federal Rules of Civil Procedure, in conjunction with statutes and treaties, may render the desired evidence reasonably accessible, even if less accessible than in an Australian court. There is also no serious claim that it will be necessary to view the premises

---

defendants still fail to show that the Australian court would be a better or more convenient forum for all remaining parties.

for the litigation.  Finally, there is no suggestion that harassment motivated the forum selection here.  For these reasons, the private factors do not weigh in favor of dismissal.

Public factors focus on the inconvenience to the court and the interest in having localized issues determined at home.  Defendants argue that under Maryland choice of law rules, the court would need to apply Australian law, *citing Am. Motorists Ins. Co. v. ARTRA Group, Inc.*, 659 A.2d 1295 (1995).  They also argue that Australian courts have a strong interest because the matter involves an Australian insured who sustained a loss in Australia under an Australian contract, and Maryland does not have a strong interest because (1) none of the parties are Maryland corporations; (2) the insurance policies and premiums were sent through Marsh in New Jersey; and (3) the negotiations for the policies took place in New Jersey and New York.  Plaintiffs counter that Australian law would not apply to the defendants' policies and that Maryland has a strong interest in the case because, among other reasons, the insurers are domestic companies licensed to conduct business in Maryland and the policies were delivered to insureds in Maryland.

The public factors also do not support dismissal.  Assuming, without deciding, that this court would need to interpret Australian law if it retains jurisdiction, that factor alone is insufficient to support dismissal where the legal issues presented are "straightforward and require no 'untangling' of complexities."  *See Ferruzzi Italia*, 683 F. Supp. at 136 (citations omitted) ("Assuming that defendants are correct that the parties made an implicit choice of English law, this fact alone does not justify dismissal of this action in favor [of] an English forum.").  Here, the matters presented primarily involve interpretation of insurance contracts issued by American companies, with which the Maryland federal courts have substantial experience.  Additionally, defendants have failed to establish Australia's greater interest in this litigation.  While it is true that the parties' ties to Maryland are perhaps weaker in some regards than those to Australia, it does not necessarily follow that Australia is a significantly more convenient forum.  It cannot be true that a foreign jurisdiction is more appropriate simply because the several U.S. companies involved are incorporated in different U.S. states and transacted relevant business in a variety of states.  While the ties to Maryland may be relatively

tenuous, the ties to the United States are not. In short, the public factors do not weigh in favor of dismissal.

II.

Defendants argue, in the alternative, that the complaint should be dismissed as premature under Fed. R. Civ. Pro. 12(b)(6) or 12(d) because plaintiffs failed to sue AHAC before suing National Union and ACE. Plaintiffs dispute defendants' argument that it was necessary to sue AHAC before bringing this suit and further argue that defendants are estopped from raising this issue. The parties cite to affidavits and exhibits, as well as a limited amount of case law, in making these arguments.

The court is not satisfied, however, that plaintiffs have had adequate opportunity for discovery, and neither party appears to have fully briefed the issues necessary to resolve whether a preliminary claim against AHAC is necessary. Therefore, the motion to dismiss on this alternative ground also will be denied without prejudice.

CONCLUSION

For the foregoing reasons, the defendants' motion to dismiss for *forum non conveniens* or on the basis that the claim is premature is denied. A separate Order follows.


February 3, 2010                                    /s/
Date                                                Catherine C. Blake
                                                    United States District Judge